# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| PAMELA GOSLEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| CITY OF MURFREESBORO, TENNESSEE, | ) | |
| A MUNICIPAL ENTITY, THE | ) | |
| MURFREESBORO POLICE DEPARTMENT, | ) | |
| AND MICHAEL BOWAN, as CHIEF OF | ) | |
| MURFREESBORO POLICE DEPT. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes now the Plaintiff, Pamela Goslee, by and through her undersigned attorney and sues the Defendant as follows:

1. The Plaintiff, Pamela Goslee, is a citizen and resident of Murfreesboro, Rutherford County, Tennessee. She filed a complaint with the EEOC alleging discrimination in employment. The EEOC has not issued a right to sue letter yet. She has not exhausted her administrative remedies. This initial complaint is based on state law and other non-Title VII issues;

2. The Defendant, City of Murfreesboro is a municipality organized pursuant to the laws of the state of Tennessee. The Defendant, Murfreesboro Police Department is a department of the City of Murfreesboro;

3. The Defendant, Michael Bowan, is the Chief of Police for the Murfreesboro Police Department, and employee and agent of the City of Murfreesboro and was at all times acting under color of law;

4.     The Plaintiff began working as a Police Officer with the Murfreesboro Police Department on January 7, 2008. She is one of the oldest female officers currently employed and eligible for a pension, working primarily alongside her male colleagues. Ms. Goslee was defined as a traffic officer, not a patrol officer. Each are trained different, with different levels of responsibilities. One responsibility is being trained to conduct DUI search warrants. Ms. Goslee was never trained to do DUI search warrants;

5.     On January 29, 2025, Ms. Goslee responded to a private property hit/run that evolved into a DUI hit-and-run incident. She arrived after the initial officers had arrived. A search warrant was needed to draw blood from the suspected driver. Ms. Goslee informed the other traffic officer that she had never completed this type of search warrant and had not personally observed the driver's behavior that would justify the warrant. Anthony Whitehead was the third officer who responded and observed her trying to hide liquor bottles. Ms. Goslee was not trained for DUI search warrants. Officer Anthony Whitehead is also a traffic officer and member of the FACT team. He refused to work the DUI and advised Ms. Goslee on how to complete the search warrant. Officer Whitehead also advised Ms. Goslee that if she had any questions, the Judicial Commissioner could assist;

6.     Ms. Goslee went to the Judicial Commissioner's office to get the warrant. At the Judicial Commissioner's ("JC") office, Ms. Goslee was told that she could not lawfully request the warrant without having personally observed the driver's intoxication. She relayed this information to her supervisor, who instructed her to go to the hospital to "observe" the driver after the fact. Ms. Goslee told the JC this and was again told by the JC's office that she still could not legally request the warrant. The officer who had observed the driver declined to request the warrant himself, and the warrant was never obtained. One of the initial patrol officers, Hector

Montalvo, who was dispatched to the scene, was a witness and helped with the whole incident. Officer Montalvo ended up taking the DUI. Officer Montalvo observed along with Officer Whitehead. Office Montalvo obtained a search warrant for blood and was able to obtain the DUI warrant;

7.     As a result of this incident, on March 28, 2025, both the observing officer, Anthony Whitehead and Ms. Goslee were reprimanded. Mr. Whitehead received a one-day suspension and twelve (12) months' probation. He was a male. Ms. Goslee received a one-day suspension for unsatisfactory performance, a two-day suspension for disobeying orders, mandatory DUI training and search warrant training, as well as twelve (12) months' probation. The male officer who was trained to get DUI warrants and observed the driver was disciplined, but less than Ms. Goslee, who was a female. Ms. Goslee was punished more than Mr. Whitehead;

8.     Ms. Goslee appealed the decision through the Police Benevolent Association. Following the hearing, on May 16, 2025, Ms. Goslee's penalties were reduced, and the two-day suspension was dropped due to lack of evidence. The probation was shortened to six (6) months, and she was reassigned to third shift with MPACT for up to a year to gain more DUI experience, despite the issue involving warrant procedure, not DUI protocol to obtain the proper experience. Even after obtaining this required experience, Defendants refused to take her off third shift arbitrarily increasing her punishments and added an ARIDE class for her to attend;

9.     Ms. Goslee was discriminated against based on her gender and age. The male officer who had the legal authority to request the warrant and refused to do so, faced a less severe discipline than Ms. Goslee. This reflects unequal treatment toward her as one of the

department's oldest female officers nearing pension eligibility. Ms. Goslee was punished more severely because she is female and because of her age;

10. The Defendant's actions violate the Tennessee Human Rights Act which prohibits discrimination based on age and sex;

11. The Defendant has a history of imposing more discipline on female officers than male officers including imposing harsher discipline to females then males for similar violations of policy;

12. In this particular case, Ms. Goslee was a traffic officer not trained to obtain DUI search warrants and who had not personally observed the driver. The male officer though, was trained to perform DUI search warrants. This male officer refused to get the DUI search warrant or take any action, but was not punished to the degree Ms. Goslee was;

13. Ms. Goslee, on the other hand, never refused to obtain a DUI search warrant. She did as she was instructed by Officer Whitehead. She took all steps she could to obtain the warrant, but the JC refused to issue it. This was not the fault of Ms. Goslee;

14. Despite the circumstances above, Ms. Goslee was disciplined in a much harsher way than the male officer who refused to do anything. And, even after complying with one portion of the discipline, third shift DUI training, the Defendants still required her to work this third shift;

15. Ms. Goslee was forced to change shifts to a night shift and among other things, the male officers in this situation were not required to do so or punished;

16. Defendant, through these actions and others, created a hostile work environment for Ms. Goslee and other female officers who face the likelihood of being discipline in ways much harsher than their male co-workers, when it was not justified;

17. These actions are sex and age discrimination and prohibited by the Tennessee Human Rights Act;

18. Further, Ms. Goslee is a person over the age of forty (40) years of age and within the protected class for those protected against age discrimination by the Tennessee Human Rights Act;

19. Ms. Goslee was punished unfairly in an effort by Defendant to push her to retire or leave the employment of the Defendant. Some of the other male officers, in this incident, either not disciplined or disciplined less, were not within the protected class for age discrimination;

20. Based upon information and belief, the Defendants have a pattern and practice of treating female officers more harshly than male officers creating a hostile work environment for women;

## CAUSES OF ACTION:
## COUNT 1:
## 42 U.S.C. § 1983 – HOSTILE WORK ENVIRONMENT SEX DISCRIMINATION IN VIOLATION OF THE RIGHT TO EQUAL PROTECTION AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION

21. Ms. Goslee incorporates by reference the allegations contained in paragraphs 1-20 as if fully stated herein;

22. Ms. Goslee is a woman;

23. Ms. Goslee was subjected to unequal and disparate treatment by the Defendants as a result of her sex and being a female;

24. Defendants purposefully and intentionally punished Ms. Goslee based on her sex and did not treat her in the same manner as they did male officers;

25. The conduct Defendants described supra was sufficiently sever and pervasive to alter the conditions of her employment and create an abusive working environment for Ms. Goslee and for other female employees of the Defendant;

26. The City of Murfreesboro is liable as a municipality for the hostile work environment because:

a) Chief Michael Bowan is vested with final policy making authority over the conduct and behavior of officers within the MPD and Murfreesboro City ordinances and municipal codes require the chief to implement discipline in a way that is equal among the sexes. Murfreesboro has a policy of prohibiting discrimination against someone based on sex. Chief Bowan was acting under color of law at all times;

b) Chief Bowan failed to properly train his employees that all rules, regulations and laws which govern the actions of the police officers must be enforced equally without attribute to that person's sex. Murfreesboro has this custom and policy against sex discrimination, specific acts in perpetuation of this custom of policy include:

i.) Ms. Goslee was asked to obtain a DUI search warrant when she was not properly trained as required by those policies as the other male officers;

ii.) Ms. Goslee complied with the direction to obtain the search warrant;

iii.) Ms. Goslee was unable to obtain it despite her best efforts;

iv.) The male officer who was properly trained to obtain these warrants refused to help;

v.) Ms. Goslee was punished more harshly and severely than her male counterpart despite her best efforts;

c)      Chief Bowan affirmatively approved of, and participated in and was aware of this illegal treatment of Ms. Goslee;

d)      Chief Bowan, as a final policymaker of the City of Murfreesboro policies and procedures maintained the authority to order specific training against sexual discrimination by authority figures within MPD but failed to do so;

e)      The City of Murfreesboro maintained a custom of tolerance to sex discrimination of female officers by punishing them more harshly and unfairly than the male officers, thereby violating her rights;

## COUNT 2:
### 42 U.S.C. § 1983 - CONSPIRACY TO VIOLATE 15 U.S.C. § 6851, PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO SUBSTANTIVE DUE PROCESS, AND FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION OF THE LAWS

27.     Ms. Goslee incorporates by reference the allegations contained in paragraphs 1-26 as if fully stated herein;

28.     As described *supra*, Defendants in this instance and in other instances have imposed harsher discipline on female officers than male officers;

29.     As described *supra*, Defendants and other unknown officers shared the general objective discrimination based on sex in violation of her federally protected rights to substantive due process, equal protection, and the statutory rights by 15 U.S.C. § 6851;

30.     As described *supra*, each of the Defendants took overt acts in furtherance of the conspiracy including but not limited to:

i.)     Ms. Goslee was asked to obtain a DUI search warrant when she was not properly trained as required by those policies as the other male officers;

ii.)    Ms. Goslee complied with the direction to obtain the search warrant;

iii.) Ms. Goslee was unable to obtain it despite her best efforts;

iv.) The male officer who was properly trained to obtain these warrants refused to help;

v.) Ms. Goslee was punished more harshly and severely than her male counterpart despite her best efforts;

31. As a direct and proximate result of the conspiracy, Ms. Goslee suffered not only the abuse and deprivations of her federally protected constitutional and statutory rights, but also public humiliation and castigation on an international scale;

32. Defendants and other officers acted under color of law by abusing the authority and the power of their positions to engage in sex discriminations against Ms. Goslee, thereby violating her rights;

33. The City of Murfreesboro is liable as a municipality for the hostile work environment because:

a) Chief Bowan is vested with final policy making authority over the conduct and behavior of officers within the MPD and Murfreesboro City ordinances and municipal codes require the chief to implement discipline in a way that is equal among the sexes. Murfreesboro has a policy of prohibiting discrimination against someone based on sex. Chief Bowan was acting under color of law at all times;

b) Chief Bowan failed to properly train his employees that all rules, regulations and laws which govern the actions of the police officers must be enforced equally without attribute to that person's sex. Murfreesboro has this custom and policy against sex discrimination, specific acts in perpetuation of this custom of policy include:

i.)     Ms. Goslee was asked to obtain a DUI search warrant when she was not properly trained as required by those policies as the other male officers;

ii.)    Ms. Goslee complied with the direction to obtain the search warrant;

iii.)   Ms. Goslee was unable to obtain it despite her best efforts;

iv.)    The male officer who was properly trained to obtain these warrants refused to help;

v.)     Ms. Goslee was punished more harshly and severely than her male counterpart despite her best efforts;

c)      Chief Bowan affirmatively approved of, and participated in and was aware of this illegal treatment of Ms. Goslee;

d)      Chief Bowan, as a final policymaker of the City of Murfreesboro policies and procedures maintained the authority to order specific training against sexual discrimination by authority figures within MPD but failed to do so;

e)      The City of Murfreesboro maintained a custom of tolerance to sex discrimination of female officers by punishing them more harshly and unfairly than the male officers, thereby violating her rights;

## COUNT 3:
## VIOLATIONS OF TENNESSEE HUMAN RIGHTS ACT: SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

34.     Ms. Goslee incorporates by reference the allegations contained in paragraphs 1-33 as if fully stated herein;

35.     The THRA provides that it is unlawful for an employer "to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment

because of such individual's race, creed, color, religion, sex, age or national origin." Tenn. Code Ann. § 4-21-401 (a)(1);

36. The THRA applies to "claims of discrimination based on the existence of a hostile work environment." Campbell v. Fla. Steel Cor., 919 S.W.2d 26, 31 (Tenn. 1996);

37. Plaintiff, Ms. Goslee is a woman;

38. Ms. Goslee was subjected to unwelcome sexual discrimination in the form of being disciplined in a way more harsh and worse than male officers who conduct was worse than that of Goslee and by arbitration and increasing this punishment despite her having successfully completed the training on third shift ordered of her;

39. Ms. Goslee was discriminated as described above because she is a woman;

40. The sexual discrimination had the effect of unreasonably interfering with Ms. Goslee's work performance and created a hostile and offensive working environment that affected her psychological well-being as described above;

41. Respondent superior liability exists for the City of Murfreesboro because the harassment was perpetrated by Ms. Goslee's superior officers (who are supervisors within the City of Murfreesboro Police Department) and by the Chief of Police;

## COUNT 4.
## VIOLATIONS OF THE TENNESSEE AGE DISCRIMINATION IN EMPLOYMENT ACT

42. Ms. Goslee incorporates by reference the allegations contained in paragraphs 1-41 as if fully stated herein;

43. Ms. Goslee was over the age of forty (40) years of age and therefore protected by the federal and Tennessee laws prohibiting discrimination based on age at the time of the adverse employment actions alleged above;

44. For the reasons set forth above and for other reasons, the actions and behavior and actions of the Defendants subjected Ms. Goslee to disparate treatment and adverse employment actions in whole or in part because of his age in violation of the Tennessee Human Rights Act § 4-21-101 et seq. provisions that prohibit age discrimination;

45. The Defendants' violations of these laws were willful and intentional;

46. As a result, and proximate result of the violations of the Tennessee Human Rights Act by the Defendant against Ms. Goslee, Ms. Goslee has suffered damages. These damages include, but are not limited to, compensatory damages, lost wages, attorney fees and all other damages allowed by law;

## DAMAGES

44. As a direct and proximate result of the Defendants' violations of her federal rights as well as the rights protected by the Tennessee Human Rights Act, Ms. Goslee has suffered:

a) Economic damages for lost wages and medical expenses;

b) Reputational harm;

c) Mental suffering;

d) Loss of enjoyment of life, and

e) Emotional distress.

## REQUEST FOR RELIEF:

Based upon all of the foregoing, Plaintiff, Pamela Goslee requests:

1. Process be issued and that each Defendants be required to respond within the time provided by the Federal Rules of Civil Procedure;

2. A jury be empaneled to try this case;

11

3.     That the City of Murfreesboro be found liable for violations of the Tennessee Human Rights Act as alleged herein and that a judgement for compensatory damages be entered against the City for each count;

4.     That the Chief of the Murfreesboro Police Department, Michael Bowan be found liable for violations of the Tennessee Human Rights Act as alleged herein and that a judgement for compensatory damages be entered against the City for each count;

5.     That Plaintiff be awarded compensatory damages, in the amount of at least $350,000.00 for economic, non-economic, and reputational damages for the claims herein against all Defendants, jointly and severally, in an amount to be determined by a jury;

6.     That Plaintiff be awarded reasonable attorney fees costs, and litigation expenses pursuant to 42 U.S.C. § 1988 and 15 U.S.C. § 6851; and

7.     For such other, further and general relief as the court deems just and appropriate.

**WHEREFORE, ALL PREMISES CONSIDERED**, Plaintiff requests the relief requested above and any other relief the court deems necessary.

Respectfully submitted,

/s/ Jay B. Jackson
JAY B. JACKSON, BPR# 016745
Attorney for Plaintiff
MITCHELL & MITCHELL
Attorneys at Law
106 East College Street
P.O. Box 1336
Murfreesboro, TN 37133-1336
(615) 896-4211

## OATH

STATE OF TENNESSEE )
COUNTY OF RUTHERFORD )

I, PAMELA GOSLEE, after being first duly sworn according to law, make oath I have read the foregoing pleading and that the facts set forth therein are true to the best of my knowledge, information, and belief and that this pleading is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned therein.

_____
PAMELA GOSLEE

Sworn to and subscribed before me on the 30th day of March, 2026.

_____
NOTARY PUBLIC

My Commission Expires: 4/21/2029