**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **PAMELA GOSLEE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:26-cv-00373** |
| **CITY OF MURFREESBORO, TENNESSEE, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Pending before the Court is the partial motion to dismiss filed by the City of Murfreesboro, Tennessee ("City"); Murfreesboro Police Department ("MPD"); and Michael Bowen,[1] Chief of MPD (Doc. No. 26). The motion seeks dismissal of Count I (42 U.S.C. § 1983 Hostile Work Environment), Count II (42 U.S.C. § 1983 Conspiracy to Violate Fourteenth Amendment Right to Equal Protection), Count III (Tennessee Human Rights Act ("THRA") Hostile Work Environment based on sex discrimination), Count IV (Tennessee Age Discrimination in Employment Act ("TADEA")), Count V (Title VII Hostile Work Environment based on sex discrimination), and Count VI (Federal Age Discrimination in Employment Act ("ADEA")). The motion is ripe for review. (Doc. Nos. 27, 30, 31). For the following reasons, the Court will deny the motion to dismiss Counts IV and VI and grant the motion in all other respects.

## I. Alleged Facts and Background

The Court relies on the factual allegations in the Amended Complaint (Doc. No. 23), assumes they are true, and construes them most favorably to the plaintiff for purposes of ruling on

[1] "Bowan," as spelled in the complaint, is a typo, and "Bowen" is the correct spelling. (Doc. No. 27 at 1 n.1).

the instant motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018).

Goslee is over forty years old and one of the oldest female officers employed by MPD. (Doc. No. 23 ¶¶ 4, 18). Since January 2008, she has worked as a "traffic officer" but was never trained to obtain a DUI search warrant. (Id. ¶ 4). On January 29, 2025, she responded to a "DUI hit-and-run incident" with officers Anthony Whitehead and Hector Montalvo. (Id. ¶ 5). A search warrant was required to draw the driver's blood for a blood-alcohol test. (Id.) Whitehead "refused to work the DUI" scene but advised Goslee "on how to complete the search warrant" to draw blood. (Id.) Goslee attempted to obtain a search warrant, but she could not do so because she did not have personal knowledge of the suspected DUI driver's intoxication. (Id. ¶ 6). She went to the hospital to observe the driver, again tried to obtain a warrant, but again was unsuccessful. (Id.) Montalvo observed the suspected DUI driver at the scene and was able to obtain a warrant to take the suspect's blood sample. (Id.)

Goslee and Whitehead were disciplined for their actions arising from the January 29 DUI hit-and-run incident. (Id. ¶ 7). Whitehead received a one-day suspension and a twelve-month probation. (Id.) After appealing her initial discipline, Goslee received a six-month probation, no suspension, and was reassigned to third shift for twelve months to gain more DUI experience. (Id. ¶ 8). She and Whitehead remain MPD employees.

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the complaint must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020). In determining whether a complaint meets this standard, the Court must accept all the factual allegations as true, draw all reasonable inferences in the plaintiffs' favor, and "take all of those facts and inferences and

determine whether they plausibly give rise to an entitlement to relief." Doe, 903 F.3d at 581. The complaint must "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." Eidson v. Tenn. Dep't of Child.'s Servs., 510 F.3d 631, 634 (6th Cir. 2007) (citing Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005)). The Court will not accept a legal conclusion masked as a factual allegation, nor an "unwarranted factual inference" as true. Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).

## III. Analysis

The Court will address the claims against MPD, Chief Bowen, and the City of Murfreesboro in turn.

### A. MPD

"Under Tennessee law, a police department is not an entity separate from a municipality that is capable of being sued." Boyd v. City of Millington, 2015 WL 13080882, at *2 (W.D. Tenn. Dec. 9, 2015) (collecting cases); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) (finding that the "[p]olice [d]epartment is not an entity which may be sued"); Hargrow v. Shelby Cnty., Tenn., 2014 WL 3891811, at *1 n.1 (W.D. Tenn. Aug. 7, 2014) ("Shelby County Sheriff's Department is not a legal entity separate from Shelby County, Tennessee."); Duck v. Madison Cnty. Sheriff's Dep't, 2018 WL 2966950, at *3 (W.D. Tenn. June 13, 2018) (dismissing Title VII and ADEA claims and finding that police departments cannot be sued); Grace v. City of Ripley, Tenn., 2017 WL 835206, at *5 (W.D. Tenn. Mar. 2, 2017) (finding that police departments are not proper parties to a § 1983 suit). MPD is merely a department of the City. That means the City "is the proper party to address the allegations of [Goslee's] complaint." Matthews, 35 F.3d at 1049. The Court will address the allegations against the City after addressing the claims against Chief Bowen.

### B. Chief Bowen

As a matter of law, the claims against Chief Bowen in his official capacity must be dismissed because they are duplicative of the claims against the City. See Kentucky v. Graham, 473 U.S. 159, 165 (1985); Rodgers v. Cnty. of Oakland, 2019 WL 3777031, at *4 (E.D. Mich. Aug. 12, 2019) (collecting cases dismissing duplicative, official-capacity claims). "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." Matthews, 35 F.3d at 1049.

As a matter of law, the individual-capacity claims against Chief Bowen must be dismissed. First, he cannot be held individually liable under Title VII, the THRA, or the ADEA. Wathen v. Gen. Elec. Co., 115 F.3d 400, 404–05 (6th Cir. 1997). Those statutes allow certain employers to be sued. Id. But Chief Bowen is not Goslee's employer. See Hawthorne-Burdine v. Oakland Univ., 158 F. Supp. 3d 586, 601 (E.D. Mich. 2016) (citing id.) (finding that police chiefs are supervisors, not employers); (Doc. No. 23 ¶¶ 3–4) (alleging that Goslee and Bowen are employed by the City).

Second, Chief Bowen cannot be held liable under § 1983 because Goslee alleges no facts that Bowen had individual, personal participation in her discipline following the January 29 suspected DUI hit-and-run incident. Grinter v. Knight, 532 F.3d 567, 575 (6th Cir. 2008) (finding that "proof of personal involvement is required for a supervisor to incur personal liability" under § 1983); Heyne v. Metro. Nashville Pub. Schs., 655 F.3d 556, 564 (6th Cir. 2011) (finding that facts must be alleged with particularity as to each § 1983 defendants' personal involvement).

C. The City of Murfreesboro

*i. Hostile Work Environment*

Goslee's Title VII, § 1983, and THRA hostile work environment claims involve the same test. Harness v. Anderson Cnty., Tenn., 2023 WL 4482371, at *5 (6th Cir. July 12, 2023) ("We review § 1983 discrimination claims brought under the Equal Protection Clause using the same

test applied under Title VII and do the same for THRA harassment claims.") (internal quotations and citations omitted); Bailey v. USF Holland, Inc., 526 F.3d 880, 885 n.1 (6th Cir. 2008) (finding hostile work environment claims under both Title VII and THRA involve "identical" analysis); Boxill v. O'Grady, 935 F.3d 510, 520 (6th Cir. 2019) (finding that hostile work environment claims under both Title VII and § 1983 use "the same test"). "To state a hostile work environment claim," Goslee must plead that her workplace was permeated with "severe and pervasive" discriminatory conduct. Fedder v. CEMS of Ohio, Inc., 2024 WL 5319224, at *5 (6th Cir. Nov. 6, 2024). The conduct must be ongoing or repetitive. Bruce v. Adams & Reese, LLP, 168 F.4th 367, 377 (6th Cir. 2026). Here, she alleges only a single incident of disciplinary action. A "single incident is insufficient to demonstrate a hostile work environment." Fedder, 2024 WL 5319224, at *5. As a matter of law, her allegations fall short and must be dismissed.

*ii. 42 U.S.C. § 1983 Conspiracy*

A conspiracy requires that more than one person act unlawfully. Blick v. Ann Arbor Pub. Sch. Dist., 105 F.4th 868, 887 (6th Cir. 2024) (requiring "that at least two people agreed to a single plan to deprive the plaintiff of rights") (internal quotation marks omitted). As a matter of law, this claim fails because Goslee has not alleged discriminatory conduct by more than one person. Different officers at the same police department are merely employees of the same City. They are not "separate persons" for purposes of a § 1983 conspiracy. Jackson v. City of Cleveland, 925 F.3d 793, 818 (6th Cir. 2019). Goslee alleges generally that "Defendants and other unknown officers" agreed to a discriminatory plan. (Doc. No 23 ¶¶ 29, 33). This language fails to show a conspiracy under Jackson and is otherwise vague and conclusory. See Heyne, 655 F.3d at 564.

In addition to the conspiracy claim, Count II includes a reference to 15 U.S.C. § 6851—a statute relating to illegal disclosure of pornographic images—and alleges that Goslee suffered

"public humiliation and castigation on an international scale[.]" (Doc. No. 1 ¶ 31; Doc. No. 23 ¶ 31). There are no allegations, whatsoever, that anyone illegally disclosed sexually explicit depictions of Goslee. Count II also contains an unsupported reference to a violation of substantive due-process rights (Doc. No. 23 ¶ 29), which the motion addresses. (See Doc. No. 27 at 12). The response dodges these arguments and pivots to arguing violations of procedural due process. (Doc. No. 30 at 4). Goslee has forfeited her substantive due-process claims by failing to respond. Notredan, L.L.C. v. Old Republic Exch. Facilitator Co., 531 F. App'x 567, 568 (6th Cir. 2013). Furthermore, the procedural due-process arguments are not pled and will not be considered. Bates v. Green Farms Condo. Ass'n, 958 F.3d 470, 483 (6th Cir. 2020).

*iii. TADEA and ADEA*

Courts "analyze claims of discrimination [] identically under the ADEA and the Tennessee Act." Sloat v. Hewlett-Packard Enter. Co., 18 F.4th 204, 209 (6th Cir. 2021). To establish a prima facie case, Goslee "must show that: (1) she was over 40 years old; (2) she suffered an adverse employment action; (3) she was qualified for the position she held; and (4) she was either replaced by a person outside the protected class or treated differently than similarly-situated individuals." House v. Rexam Beverage Can Co., 630 F. App'x 461, 462 (6th Cir. 2015).

Defendants argue that Goslee fails to satisfy the fourth prong because she has not named a similarly-situated, under-forty comparator who was treated more favorably. (Doc. No. 27 at 20–21). The argument fails. Drawing all reasonable inferences in Goslee's favor, she alleges that Whitehead received a lighter punishment based on an incident in which he was the more culpable party. (See Doc. No. 23 ¶¶ 9, 19). She also presents sufficient factual matter for the Court to infer that Whitehead was under the age of forty. (Id. ¶ 19). There were only two male officers involved in the January 29 incident—Whitehead and Montalvo. (Id. ¶ 5). Montalvo obtained a search

warrant and was not disciplined. (Id. ¶¶ 6–7). Whitehead "refused to work the DUI" scene and "faced a less severe discipline" than Goslee. (Id. ¶¶ 5, 9). "[S]ome of the other male officers" involved "were not within the protected class for age discrimination[.]" (Id. ¶ 19). Construed in a light most favorable to Goslee, the Court can reasonably infer that Whitehead was under forty years old at the time of the alleged incident.

Defendants cite two cases for the proposition that the complaint is too conclusory. Both are inapposite. In Smith v. Wrigley Mfg. Co., LLC, the eight-sentence complaint named the plaintiff, her employer, and nobody else. 749 F. App'x 446, 448 (6th Cir. 2018). The plaintiff alleged that she was discharged "upon the pretext of alleged misconduct," that she "was over 40 years of age," and that "[y]ounger employees that were performing on a par with Plaintiff were still working with" her employer after her discharge. Id. The plaintiff in Smith "offered no names, ages, or qualifications for the younger employees who were treated differently, or any examples of how their treatment differed." Id. In House v. Rexam Beverage Can Co., the plaintiff offered "no facts regarding the names, relative ages, or qualifications of the substantially-younger employees" who kept their jobs after the plaintiff's discharge. 630 F. App'x 461, 464 (6th Cir. 2015) (internal quotation marks omitted). He failed "to provide any examples of how [his employer] treated those substantially younger employees more favorably, or any facts regarding how those employees [were] similarly situated." Id. Like in Smith, the plaintiff in House barely recited the elements of an age discrimination claim without providing sufficient factual matter to establish an inference of age discrimination. Id.

Here, Goslee offers Officer Anthony Whitehead's name. (Doc. No. 23 ¶ 5). She describes how his treatment differed from hers—despite being the less culpable party, she was punished more severely. (See Doc. No. 23 ¶ 9). She alleges that "some of the other male officers [involved

in the incident] were not within the protected class for age discrimination[.]" (Id. ¶ 19). Although the Sixth Circuit has "noted comparator names or job roles to illustrate sufficiency at the pleading stage, [it has] never required plaintiffs to include such detail." Mustafa v. Ford Motor Co., 2025 WL 2720988, at *5 (6th Cir. Sept. 24, 2025). What it has required "is that the complaint offer some factual content about 'the other employees *or* their differing treatment.'" Id. (citing Smith, 749 F. App'x at 448; House, 630 F. App'x at 464). Here, Goslee offers both. She provides other officers' names, describes an incident that resulted in discipline, and provides sufficient factual matter for the Court to infer that Whitehead was outside Goslee's protected class. She also offers factual content about "their differing treatment." Id. Even though she made earnest efforts to obtain a search warrant to draw blood, she was punished more than Whitehead who refused to work the DUI altogether. (See Doc. No. 23 ¶ 9). These allegations are enough to survive a motion to dismiss. See Mustafa, 2025 WL 2720988, at *5.

D. Leave to amend

Goslee's response concludes by summarily requesting leave to amend. (Doc. No. 30 at 8). Goslee has already amended her complaint once, and she has not filed a formal motion or indicated on what particular grounds amendment is sought. The request is improper, unsupported, and Goslee has had months to file a formal motion. See Robbins v. New Cingular Wireless PCS, LLC, 854 F.3d 315, 322 (6th Cir. 2017) (collecting cases affirming denial of leave to amend where plaintiff filed no formal motion or provided grounds for amendment); Mich. 32, LLC v. Travelers Ins. Co., 2026 WL 3086391, at *3 (6th Cir. Oct. 15, 2026) (same). The request will be denied.

## IV. Conclusion

For the forgoing reasons, the Court will grant in part and deny in part the partial motion to dismiss (Doc. No. 26) and will dismiss: MPD and Chief Bowen; Counts I and II; and Counts III and V, to the extent they assert claims of a hostile work environment. Counts IV and VI, as well

as the sex-based disparate treatment claims asserted against the City in Counts III and V, will not be dismissed.

An appropriate order will enter.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE